UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ETHAN RADSTONE,

    Plaintiff,

 v.

GARRISON PROPERTY AND
CASUALTY INSURANCE
COMPANY,

    Defendant.

CASE NO. C24-1588 MJP

ORDER DENYING JOINT
MOTION TO EXTEND
DISCOVERY

   This matter comes before the Court on the Parties' Joint Motion to Extend Deadline for Discovery. (Dkt. No. 11.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

   Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's

1   reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end."

2   Id. (citation omitted).

3       The Parties here have failed to demonstrate good cause to support their request of nearly

4   every case deadline except trial by 90 days. Absent is any reasonable explanation as to why

5   discovery cannot be completed before the July 30, 2025 deadline. The Parties reference "the

6   process of coordinating several depositions and . . . how to proceed with expert discovery." (Mot.

7   at 2.) But they do not identify how many depositions need to be conducted, why they have not

8   been set, and why they cannot be completed before July 30th. Additionally, there is no

9   explanation as to what expert discovery needs to be conducted and why it cannot be completed

10   before the expert disclosure deadline of June 30, 2025. And to the extent the Parties wish to

11   engaged in settlement negotiations, they are free to do so at any time. The Court will not amend

12   the case schedule for alternative dispute resolution.

13       Even if the Parties had demonstrated good cause, their proposed case schedule is not

14   tenable. They propose a dispositive motion deadline of December 28, 2025, which would mean

15   that the motions would ripen for decision after trial commences. The Court requires at least three

16   months between the dispositive motion noting date and trial. Should the Parties renew their

17   request for an extension, they must propose a reasonable schedule that allows adequate time for

18   determinations on motions before trial.

19       For the reasons noted above, the Court DENIES the Motion. The Court's denial is

20   without prejudice to a renewed motion that addresses the Court's concerns.

21     \\

22     \\

23     \\

24

The clerk is ordered to provide copies of this order to all counsel.

Dated May 27, 2025.

Marsha J. Pechman
United States Senior District Judge